[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10043
Non-Argument Calendar

_____

D.C. Docket No. 5:15-cv-00279-WTH-PRL

KIMBERLY BRINSON,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
each in their individual and official capacities,
MICHAEL CREWS,
Former Secretary, Department of Corrections,
each in their individual and official capacities,
FNU MUNNERLYN,
Inspector, each in their individual and official capacities,
T. POYNTER,
Assistant Warden, each in their individual and official capacities,
FNU POOLE,
Assistant Warden, each in their individual and official capacities, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 6, 2017)

Before ED CARNES, Chief Judge, HULL, and WILSON, Circuit Judges.

PER CURIAM:

Kimberly Brinson, a Florida prisoner proceeding pro se, appeals the district court's dismissal of her complaint alleging various constitutional and statutory claims against more than thirty Florida Department of Corrections officials. The district court dismissed her complaint on two independent grounds. First, the court ruled that Brinson abused the judicial process by deliberately failing to disclose an earlier lawsuit relating to her prison conditions, despite certifying in her complaint that no such lawsuits existed. Second, the court ruled that Brinson's sprawling, scattershot complaint did not comply with several Federal Rules of Civil Procedure: Rule 8(a)(2)'s requirement that a pleading contain a "short and plain statement of the claim"; Rule 10(b)'s requirement that parties state their claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances"; and Rule 12(b)(6)'s requirement that a complaint state plausible claims for relief. This is Brinson's appeal.

2

Although we liberally construe <u>pro se</u> briefs, "issues not briefed on appeal by a <u>pro se</u> litigant are deemed abandoned." <u>Timson v. Sampson</u>, 518 F.3d 870, 874 (11th Cir. 2008). "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against [her] is incorrect." <u>Sapuppo v. Allstate Floridian Ins. Co.</u>, 739 F.3d 678, 680 (11th Cir. 2014).

Brinson's brief, liberally construed, essentially restates the allegations in her complaint and fails to address either of the district court's independent grounds for dismissing her complaint. Although she states that the district court overlooked her lack of legal skills in dismissing the complaint, that passing reference is not enough to challenge the district court's abuse of process ruling. <u>See id.</u> ("We have long held that an appellant abandons a claim when [s]he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). And Brinson's brief makes no attempt to challenge the ruling that her complaint failed to satisfy Rules 8(a)(2), 10(b), and 12(b)(6). As a result, she has abandoned any challenge to either ground for dismissing her complaint. <u>See id.</u> ("When an appellant fails to challenge properly on appeal one of the grounds on

3

which the district court based its judgment, [s]he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").[1]

**AFFIRMED.**

---

[1] Brinson does not argue that the district court abused its discretion in not allowing her leave to amend.  Brinson has also filed four "Motion[s] for Declaration of Brinson Kimberly" that contain hundreds of additional exhibits.  We construe those filings as motions to supplement her brief.  Because Brinson never received leave to file those motions, they are **DENIED**.  See 11th Cir. R. 28, I.O.P. 5 ("Supplemental briefs may not be filed without leave of court.").